(CHANCERY/CIRCUIT) COURT OF TENNESSEE
140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

NO. CT-002407-09   AD DAMNUM $250,000.00   AUTO ☐  OTHER ☒

Brenda J. Greene _____   3073 The Willows Place, Memphis, TN 38119
_____   Home Address
_____   _____
vs.   PLAINTIFF                                Business Address
Kaz USA, Inc. _____   _____
_____   Home Address
_____   250 Turnpike Road, Southborough, MA 01772
DEFENDANT                                    Business Address

TO THE DEFENDANT(S): Kaz USA, Inc. c/o C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on ____R. Christopher Gilreath____ Plaintiff's attorney, whose address is __200 Jefferson Avenue, Suite 711, Memphis, TN 38103__ , telephone __901-527-0511__ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk
KENNY ARMSTRONG, Clerk & Master

TESTED AND ISSUED __5-15__, 20 09  By _____, D.C.

TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 m this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same.

Witness My Hand this __15th__ day of __May__, 20 09
Certification when applicable
_____R. Christopher Gilreath_____
Surety

I, KENNY ARMSTRONG, Clerk & Master            I, JIMMY MOORE, Clerk of the Circuit
of the Chancery Court, Shelby County,           Court, Shelby County, Tennessee, certify
Tennessee, certify this to be a true and        this to be a true and accurate copy as filed
accurate copy as filed this_____        this _____
KENNY ARMSTRONG, Clerk & Master                 JIMMY MOORE, Clerk

By: _____, D.C.                       By: _____, D.C.

EXHIBIT A

Front

RETURN ON SERVICE OF SUMMO[NS]

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 ____ at _____ M. a copy of the summons and a copy of the Complaint to the following defendents

_____

Mark Luttrell, Sheriff

By _____

Deputy Sheriff

PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the  15  day of  May , 20 09 at _____ M. a copy of the summons and a copy of the Complaint to the following defendants

Kaz USA c/o CT Corp via U.S. Mail

(PLEASE PRINT THE FOLLOWING)

K. Shea Jarome
Private Process Server

Address: 200 Jefferson #711, Memphis TN 38103

Gilreath & Associates
Company

Phone: 527-0511

Signature: K. Shea Jarome

Other manner of service:
Via Certified Mail Article No. 7008 1830 0002 2806 6360 Signed for by Erika Frey 5/18/2009.

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____

because _____ is / are not to be found in this County for the following reason(s): _____

Mark Luttrell, Sheriff

This _____ day of _____, 20 ____.   By _____
Deputy Sheriff

IN THE (CHANCERY/CIRCUIT) COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

No. _____

SUMMONS IN CIVIL ACTIONS

Brenda S. Greene, PLAINTIFF
vs.
Kaz USA, Inc., DEFENDANT

Came to hand _____

R. Christopher Gilreath, Attorney for Plaintiff

Tel. No. (901) 527-0511

Back

(CHANCERY/CIRCUIT) COURT OF TENNESSEE
140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTION

NO. _____   AD DAMNUM $ 250,000.00    AUTO ☐ OTHER ☒

Brenda J. Greene                                3073 The Willows Place, Memphis, TN 38119
_____                _____
                                                Home Address

vs.   PLAINTIFF                                 _____
                                                Business Address
Kaz USA, Inc.
_____                _____
                                                Home Address
                                                250 Turnpike Road, Southborough, MA 01772
_____                _____
         DEFENDANT                              Business Address

TO THE DEFENDANT(S): Kaz USA, Inc. c/o C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on _____ R. Christopher Gilreath _____ Plaintiff's attorney, whose address is __ 200 Jefferson Avenue, Suite 711, Memphis, TN 38103 __, telephone __ 901-527-0511 __ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk
KENNY ARMSTRONG, Clerk & Master

TESTED AND ISSUED _____, 20____   By _____, D.C.

TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 m this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same.

Witness My Hand this __15th__ day of __May__, 20 _09_
Certification when applicable                              R. Christopher Gilreath
                                                                   Surety

I, KENNY ARMSTRONG, Clerk & Master          I, JIMMY MOORE, Clerk of the Circuit
of the Chancery Court, Shelby County,       Court, Shelby County, Tennessee, certify
Tennessee, certify this to be a true and    this to be a true and accurate copy as filed
accurate copy as filed this_____    this _____
KENNY ARMSTRONG, Clerk & Master             JIMMY MOORE, Clerk

By: _____, D.C.           By: _____, D.C.

Front

RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendents

_____

Mark Luttrell, Sheriff

By _____

Deputy Sheriff

### PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20 ___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants

_____

(PLEASE PRINT THE FOLLOWING)

_____        _____
Private Process Server                                Address

                                                                _____
                                                                Phone
_____
Company                                                  _____
Other manner of service:                          Signature

_____
_____
_____

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____

because _____ is / are not to be found in this County for the following reason(s): _____

Mark Luttrell, Sheriff

This _____ day of _____, 20 ___ . By _____

Deputy Sheriff

NO. _____ D. _____

IN THE (CHANCERY/CIRCUIT) COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTIONS

Brenda J. Greene, PLAINTIFF

VS.

Kaz USA, Inc., DEFENDANT

Came to hand _____

R. Christopher Gilreath, Attorney for Plaintiff

Tel. No. (901) 527-0511

Back



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   hazUSA, Inc.
   %C.T. Corp System
   800 S. Gay St.
   Suite 2021
   Knoxville, TN 37929

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   Chaska Thigpen                 MAY 18 2009

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number

# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS

BRENDA J. GREENE,

    Plaintiff,

v.

KAZ USA, INC.,

    Defendants.

No. CT-002403-09

JURY DEMAND

Div. IX

## COMPLAINT

Comes the Plaintiff, Brenda J. Greene, and states as her causes of action against Defendants Kaz USA, Inc. as follows:

1. Plaintiff is a resident of Shelby County, Tennessee.

2. Defendant Kaz USA, Inc. (hereinafter "Kaz") is a Massachusetts corporation with a principal office in Southborough, Massachusetts, in the business of designing and manufacturing heating pads and other personal equipment which is used throughout the United States, including Tennessee. Defendant Kaz may be served with process through its registered agent C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee.

3. Plaintiff purchased a Kaz SoftHeat heating pad manufactured by Defendant for her personal use sometime after September 1, 2007. At the time she purchased the heating pad, Plaintiff relied upon the representations and indications on the packaging, anticipating and expecting that the product would work as indicated.

4. The subject heating pad was designed with an automatic cut-off feature, whereby even if the pad was left on, it was supposed to shut off after a designated period of time.

5. During the initial times that Plaintiff used the pad, she observed that the shut-off feature worked. Plaintiff used the heating pad during these times without incident.

6. On or about April 30, 2008, Plaintiff underwent surgery for a hysterectomy. As a result of that procedure, Plaintiff endured a period of physical recovery. As part of her recovery, Plaintiff used the Kaz heating pad she had purchased to assist with abdominal pain.

7. On May 21, 2008, Plaintiff used the heating pad on her abdomen. On this occasion, however, Plaintiff used the heating pad for a period of time, during which she felt sustained heat, but not any particularly intense heat. However, when she eventually got up from her position, Plaintiff noticed that her abdomen where it had been in contact with the pad was burned away, leaving a necrotic crater in her abdominal wall from the burned area.

8. As a result of the use of the Kaz heating pad, Plaintiff suffered burns to her abdomen, resulting in significant medical treatment, including surgery.

9. At all times relevant to this case, Plaintiff used the subject heating pad as it was intended, and within the scope of reasonable and anticipated use of the product. At all times relevant to this case, Plaintiff used the heating pad as instructed by Defendant. At all times relevant to this case, any alleged misuse of the Kaz heating pad was conducted in such a manner that it was within the scope of knowledge of Defendant, and therefore not misuse as defined by the Tennessee law.

10. Prior to Plaintiff being injured by the Kaz heating pad, Defendant was aware of other users suffering injury from the same or similar failure(s) of same or

similarly designed and/or manufactured heating pads, such that Defendant had knowledge that such injuries occurred during the use of its products, even when used as intended by Defendant.

11. As a result of the her injuries from the Kaz heating pad, Plaintiff has been forced to endure serious injuries, incur significant medical treatment and medical bills, miss work, and endure pain, suffering, and loss off enjoyment of life.

## CAUSES OF ACTION

### I. PRODUCTS LIABILITY

12. Plaintiffs incorporate all previous statements and allegations as though set forth herein.

13. At all times relevant to this case, the Kaz SoftHeat heating pad, manufactured by Defendant, which was used by Plaintiff at the time of his injuries, was in the same or similar condition as when Defendant released the heating pad into the stream of commerce.

14. The Kaz heating pad used by Plaintiff was defective and/or unreasonably dangerous in that it permitted excessive heat to be radiated through the pad for an excessive duration of time without proper limiting of the heat exuded from the pad. The subject heating pad was designed with thermostats that failed to perform as necessary to sustain the design of the product so that it could be used in a safe manner. Further, the wiring structure of the heating pad was defectively designed and/or manufactured to permit air or gas to collect within the casing of the wires.

3

15. The defective condition(s) of the Kaz heating pad were contained within the pad itself, such that a reasonable user, upon examination of the pad, would not reasonably be able to identify any defect, problem, or failure of the pad. As such, the defective condition(s) of the pad were latent to a reasonable user.

16. The Kaz heating pad used by Plaintiff was defective and/or unreasonably dangerous in that Defendant failed to use adequate materials in the design of the heating system to allow the pad to perform as a user would reasonably expect.

17. The Kaz heating pad used by Plaintiff was defective and/or unreasonably dangerous in that Defendant failed to develop adequate warning(s) to caution against injury from burns. In particular, the subject heating pad was defective and/or unreasonably dangerous in that Defendant failed to adequately warn against the risk of burn injury while the pad was being used as intended by Defendant, within a time period Defendant designed and/or manufactured the pad to remain in the "on" position.

18. At the time of manufacture and sale, the Kaz heating pad manufactured by Defendant and used by Plaintiff was in defective condition and/or unreasonably dangerous as defined by the Tennessee Products Liability Act and Tennessee law.

19. Any use of the subject heating pad by Plaintiff after it left the control of Defendant relevant to this case was foreseeable by the Defendants.

20. As a result of Defendant's release of the Kaz heating pad into the stream of commerce, Defendant is liable to the Plaintiffs in strict liability in tort.

## II. NEGLIGENCE

21. Plaintiffs incorporate all previous statements and allegations as though set forth herein.

22. As designer, manufacturer, and distributor of the Kaz heating pad, Defendant had a duty of reasonable care in the design, manufacture, testing, and release of the heating pad into the stream of commerce.

23. Defendant breached its duty of reasonable care by failing to properly design, market, manufacture, and/or test the Kaz heating pad used by Plaintiff.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe personal injuries, incurred significant medical expenses, suffered pain, aggravation, suffering, and loss of enjoyment of life, and has incurred lost wages.

## III. BREACH OF WARRANTY

25. Plaintiff incorporates all previous statements and allegations as though set forth herein.

26. Defendant, in the manufacture, distribution and/or sale of the Kaz heating pad used by Plaintiff, breached its warranties, both express and implied, as stated in Tennessee Code Annotated §47-2-313, §47-2-314 and §47-2-315, including its warranty of fitness for a particular purpose. The heating pad was designed for the purpose of comforting the user from aches and pains without causing harm to the user, but in this case it failed to fulfill that purpose.

27. As a direct, proximate, and consequential result, Plaintiffs suffered the damages and losses set forth in the Complaint.

## IV. PUNITIVE DAMAGES

28. Plaintiff incorporates all previous statements and allegations as though set forth herein.

29. In the course of its design, manufacture, testing, distribution, and/or sale of the heating pad, Defendant exhibited conduct that was willful, knowing, intentional, and/or reckless, such that it should be made liable for punitive damages as a result of its conduct.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) and for punitive damages in a sum to be determined by the trier of fact, and demands a jury to try this case.

*/s/ R. Christopher Gilreath*
R. Christopher Gilreath, BPR #18667
GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, TN 38103
(901) 527-0511

*Attorney for Plaintiff*